CITY OF COLUMBUS, APPELLEE, *v.* DAWSON, APPELLANT. (Two cases.)

(Nos. 85AP-582, -584 and -585 — Decided February 20, 1986.)

*Ronald J. O'Brien,* city attorney, *James J. Fais,* city prosecutor, and *David E. Tingley,* for appellee.

*James Kura,* county public defender, and *John W. Keeling,* for appellant.

STRAUSBAUGH, J. Defendant, Douglas D. Dawson, appeals from judgments of the Municipal Court of Franklin County finding him guilty of carrying a concealed weapon in violation of Section 2323.02 of the Columbus City Code, menacing in violation of Section 2303.04 of the Columbus City Code, and drug abuse in violation of R.C. 2925.11.

The record indicates that on March 2, 1985, defendant was arrested and charged with menacing, carrying a concealed weapon, and drug abuse. A police officer had witnessed defendant waving his arms in a crowd whereupon the officer investigated the disturbance. In the course of the investigation, the officer arrested defendant, patted him down, and discovered a knife. The officer testified that he observed defendant waving his arms while involved in a confrontation with another person.

At trial, a Columbus police officer was permitted to testify as an expert witness concerning the knife confiscated from defendant. The city maintained that the officer was an expert by virtue of his military experience, martial arts experience, and experience as a police officer. The trial court allowed the officer to testify, over defendant's objections.

Defendant asserts the following two assignments of error:

"1. The trial court erred by allowing a police officer to testify, over the objection of the defendant, as an expert witness on the history, design, and purpose of a balisong knife in the absence of a foundation demonstrating that the witness was qualified as an expert by virtue of this knowledge, skill, experience, training, or education to testify as an expert on such subjects.

"2. The trial court erred by entering a judgment of guilty on the charge of carrying a concealed weapon when the evidence, as a matter of law, was insufficient to support such a conviction."

Defendant maintains, in the first assignment of error, that the officer was not qualified to give expert testimony and, in the second assignment of error, that without this testimony there was insufficient evidence to support a conviction.

Section 2323.02(A) of the Columbus City Code, carrying concealed weapons, provides:

"No person shall knowingly carry or have concealed on his person or concealed ready at hand, any deadly weapon." (Cf. R.C. 2923.12 [A].)

Section 2323.01(A) defines "deadly weapon" as:

" * * * [A]ny instrument, device, or thing capable of inflicting death, and designed or specially adapted for use as a weapon, or possessed, carried, or used as a weapon." (Cf. R.C. 2923.11[A].)

This court has previously held that a knife is not presumed to be a deadly weapon, even if it is concealed. *Columbus* v. *Davis* (May 6, 1976), No. 75AP-624, unreported; *State* v. *Colston* (Feb. 16, 1978), Nos. 77AP-734 and -735, unreported. Therefore, the city was required to prove either that the knife was designed or specifically adapted for use as a weapon or, in the alternative, that the defendant possessed, carried, or used the knife as a weapon.

In an attempt to prove that the knife was designed as a weapon, the city had a police officer testify as an expert on weapons. The issue, in the first assignment of error, is whether the officer was properly qualified as an expert.

The officer in question testified as follows:

"Q. You indicated you were in the Marine Corps?

"A. Yes, sir.

"Q. You served — And you served also on the Los Angeles Police Force?

"A. Yes.

"Q. And, of course, you have been through the Police Academy and are now a Columbus Policeman?

"A. Yes, sir.

"Q. Have you ever had any training in weapons?

"A. Yes, sir.

"Q. Can you tell the ladies and gentlemen of the jury something about your training?

"A. I have been in the martial arts since 1967.

"Q. What does that mean? What is martial arts?

"A. Karate and kung fu style of martial arts, self-defense courses. And along with that and the Marine Corps. I was also assigned to the Organized Crime Bureau, Intelligence Section of the police department here where my field of expertise was terrorism and weapons, due to my training in the military.

"Q. Did you ever see combat? I never asked you that. Were you ever overseas?

"A. Yes. I was in Vietnam.

"Q. I am handing you City's Exhibit No. 3. Does that look familiar to you in any way?

"A. Yes, sir, it does.

"Q. Can you tell us what that is?

"A. This is a balisong fighting knife, commonly known as a butterfly knife here in the States.

"Q. And you have seen them before?

"A. Yes, sir, I have.

"Q. Can you tell the ladies and gentlemen of the jury something about it.

"MR. BARROWS: Object. May we approach the bench?"

The city maintains that the foregoing testimony was sufficient to establish the officer's qualifications as an expert.

The standard of review regarding the qualification of an expert is whether the trial court abused its discretion in ruling on such qualifications. Absent a clear showing that the trial court abused that discretion, this court cannot reverse a determination with respect to such matters. *State* v. *Maupin* (1975), 42 Ohio St. 2d 473, 479 [71 O.O. 2d 485].

Here, the police officer, called as an expert, testified that he was familiar with the knife in question and was familiar with weapons in general based on experiences in the military, his training as a police officer, and his training in martial arts. Based on his training and experience, he was able to formulate opinions on the knife's design as a weapon. The officer had more knowledge than a layman and his opinion was an aid to laymen in reaching a decision. Accordingly, the trial court did not abuse its discretion by allowing the officer to testify as an expert.

Defendant's first assignment of error is overruled.

In the second assignment of error, defendant urges that there was not enough evidence to sustain a conviction. This contention primarily relies on the expert testimony being deleted as incompetent. Inasmuch as the trial court did not abuse its discretion and the expert testimony was competent, defendant's second assignment of error is without merit and must be overruled.

Defendant's assignments of error are overruled, and the judgment of the municipal court concerning the charge of carrying a concealed weapon is affirmed. Inasmuch as defendant has not assigned any error to the convictions of menacing and drug abuse, those judgments of the trial court are also affirmed.

*Judgments affirmed.*

MOYER, P.J., and REILLY, J., concur.