**The STATE of Ohio, Appellee,**

v.

**SINGH, Appellant.**

[Cite as *State v. Singh* (1997), 117 Ohio App.3d 381.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–950777.

Decided Dec. 31, 1996.

382

*Fay D. DuPuis*, Cincinnati City Solicitor, *Terrence R. Cosgrove*, City Prosecutor, and *Lisa Allen*, for appellee.

*Kenneth G. Hawley*, for appellant.

GORMAN, Judge.

Defendant-appellant Harjinder Singh claims that his criminal prosecution for carrying a concealed weapon, pursuant to R.C. 2923.12(A), violated the Religious Freedom Restoration Act of 1993 ("RFRA"), Section 2000bb *et seq.*, Title 42, U.S.Code, which requires the state to demonstrate that its substantial burdening

of the free exercise of religion furthers a compelling governmental interest. Dr. Singh, a Cincinnati-area veterinarian and member of the Sikh religion, was charged with this offense when Hamilton County Sheriff's deputies detected his kirpan, or symbolic sword, required to be carried by all religiously observant Sikhs. The kirpan, with a two-and-one-half-inch dulled blade, was sheathed and sewn fast to the waistband of his undergarment. Singh also asserts that the state failed to prove that the kirpan was designed or adapted as anything but a religious symbol: a complete failure of proof on an essential element of the charged offense. We agree and reverse his conviction.

Singh's ordeal began when, as a party to civil litigation in the Hamilton County Court of Common Pleas, he was held in contempt for failure to answer questions in a judgment-debtor examination by a judge of that court and remanded to the custody of the sheriff. Singh was handcuffed and frisked in the courtroom. Deputies then removed him to the intake area of the Justice Center.

In the intake area, a routine and more detailed search was conducted to prepare Singh to enter the general jail population. Ordinarily deputies would remove any items which could be used to hurt other inmates or guards such as belts and shoe laces. Typically, these items are stored and returned to the prisoner upon his release from the Justice Center. During this search Singh refused to remove his jewelry or his turban. Deputies finally located the kirpan after unfastening Singh's pants and seized it. Despite Singh's belated explanation that his faith required him to carry the kirpan, he was charged with carrying a concealed weapon.

Following one mistrial, at Singh's second jury trial in the Hamilton County Municipal Court, the state presented three witnesses: the court bailiff and the two deputies who had conducted the searches. Singh presented the expert testimony of Dr. John W. Spellman, a professor of Asian studies at the University of Windsor and a consultant to the Canadian Ministry of Justice on issues relating to Sikhism.

Spellman testified that Sikhism is an ancient religion now practiced by eighteen million people worldwide. The largest community of Sikhs is in India. Approximately 150,000 Sikhs live in the United States. He testified that a central tenet of the Sikh religion requires a baptized follower to wear at all times five symbols of his faith: kesh (long hair), kangha (comb), kasha (undergarment), kalha (bracelet), and a kirpan, or symbolic sword. He testified, without equivocation, that a kirpan is designed and worn as a religious symbol, much as a crucifix, once an instrument of torture, is designed and worn as a religious symbol by Christians.

The jury returned a verdict of guilty and the court entered a judgment of conviction for carrying a concealed weapon. This appeal, in which Singh raises nine assignments of error, followed.

██ In four interrelated assignments of error,[1] Singh claims that the trial court erred in failing to allow him to assert the defenses established by RFRA and in refusing to instruct the jury on these defenses.

The Act provides a statutory right to the exercise of religion free from a substantial burdening by the government. Section 2000bb(b)(1), Title 42, U.S.Code; First Amendment to the United States Constitution (forbidding the prohibition of free exercise). A person whose religious exercise has been burdened in violation of RFRA may assert that violation as a defense in a judicial proceeding in federal or state court. Sections 2000bb–1(c) and 2000bb–3(a), Title 42, U.S.Code; *Abdur–Rahman v. Michigan Dept. of Corr.* (C.A.6, 1995), 65 F.3d 489; *United States v. Bauer* (C.A.9, 1995), 75 F.3d 1366 (RFRA defenses available in a criminal prosecution).

If an accused shows that he is subject to a law of general application which places a substantial burden on the exercise of his religion, the government must demonstrate that the application of the burden to this particular person furthers a compelling governmental interest and that the application is the least restrictive means of furthering that compelling interest. Section 2000bb–1(b), Title 42, U.S.Code. The government must make this demonstration in discharging its burden of going forward with the evidence and its burden of persuasion. Section 2000bb–2(3), Title 42, U.S.Code; *United States v. Bauer*, 75 F.3d at 1375. Here, in a criminal prosecution, the state's burden of persuasion is proof of each essential element of the charged offense beyond a reasonable doubt.

The federal courts have applied RFRA defenses to the carrying of the kirpan. A California school district's "no knives" policy and a state statute proscribing carrying knives on school property led the school district to prohibit three Sikh children from wearing kirpans to school. The children contended that their insistence on wearing kirpans was animated by a sincere religious belief and that the school district's refusal to accommodate that belief put a substantial burden on their exercise of religion. The United States Court of Appeals for the Ninth Circuit held that the school district's failure to consider RFRA's "no less restrictive alternative" requirement and the trial court's failure to conduct the inquiry mandated by the Act were error. The court remanded the case to the district court. *Cheema v. Thompson* (C.A.9, 1995), 67 F.3d 883.

---

1. The fourth, fifth, sixth, and seventh assignments of error.

Here, it is beyond debate that Singh is a devout Sikh. A central tenet of his religion requires him to wear the kirpan at all times. It is unrebutted that Singh wears the kirpan out of a sincere religious belief.

Singh contends that the state's action in charging him under its criminal statutes for wearing the kirpan substantially burdens his exercise of religion. Singh timely apprised the trial court of his statutory defenses to prosecution and preserved the issue for appellate review by tendering proposed jury instructions.

The trial court summarily and without explanation refused to recognize RFRA and its application to this case. The court did not conduct a hearing into whether the state had carried its burdens under the Act and refused to instruct the jury as to the state's burdens under RFRA. The court compounded its lapse by instructing the jury that "there is no religious defense to the charges of carrying a concealed weapon." It proceeded to instruct the jury on the four affirmative defenses to carrying a concealed weapon listed in R.C. 2923.12, and on the burden placed upon Singh to prove them.

The trial court's failure to conduct an inquiry into the RFRA defenses when the issue was properly raised by Singh was error. The remedy described by the federal courts is to remand the cause to conduct that inquiry. Because of the following resolution of the first two assignments of error, there is no need for that inquiry.

In two interrelated assignments of error, Singh claims that the trial court erred in denying his motion for judgment of acquittal and in entering a conviction, as the state had failed to prove an essential element of the charged offense of carrying a concealed weapon.

The United States Constitution prohibits the criminal conviction of any person except upon proof sufficient to convince the trier of fact of guilt beyond a reasonable doubt. *In re Winship* (1970), 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368. The test for the sufficiency of the evidence required was enunciated by the United States Supreme Court in the case of *Jackson v. Virginia* (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560. The relevant question is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.* at 319, 99 S.Ct. at 2789, 61 L.Ed.2d at 573; *State v. Allen* (1995), 73 Ohio St.3d 626, 630, 653 N.E.2d 675, 682. The statute in question here is R.C. 2923.12(A), which provides that no person shall knowingly carry or have, concealed on his person or concealed ready at hand, any deadly weapon or dangerous ordnance.

Singh agrees that he knowingly had the kirpan concealed on his person. The sole issue is whether any rational trier of fact could have found that the kirpan

was a "deadly weapon" as that term is defined by statute. A deadly weapon is any instrument capable of inflicting death *and* either designed or specially adapted for use as a weapon or possessed, carried, or used as a weapon. R.C. 2923.11(A). The pointed kirpan was capable of inflicting death. That does not, however, mean that it is a deadly weapon. The statute requires not only that it be capable of inflicting death but also that one of the other two conditions be satisfied. *State v. Sears* (App. 1980), 18 O.O.3d 126.

■ No evidence was presented supporting a conclusion that the kirpan was possessed, carried, or used by Singh as a weapon. When he was searched his hands were cuffed behind his back. The kirpan was sheathed and sewn to the front of his undergarment.

The crucial issue then is whether the evidence was sufficient to establish beyond a reasonable doubt that the kirpan was designed or specially adapted for use as a weapon. We conclude it was not. All three of the state's witnesses professed ignorance of the Sikh faith. None had any knowledge of whether the kirpan was designed or adapted as a weapon. The only evidence on the design of the kirpan was adduced in Singh's case in defense by Dr. Spellman. Despite the state's attempt to give significance to the expert's mention of a letter from a seventeenth-century cleric stating that the kirpan could be used as a weapon in the last resort, Dr. Spellman testified that the kirpan was designed as a religious symbol to remind Sikhs of their obligations to do justice.

Based upon a review of the entire record, there is no evidence that Singh possessed or carried the kirpan as a weapon and no evidence that the kirpan was designed or adapted for use as a weapon. Therefore, no rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt. The trial court's conviction was unsupported by the evidence. We also hold that reasonable minds could not have reached different conclusions as to whether each element of the crime charged had been proven beyond a reasonable doubt. Crim.R. 29; *State v. Bridgeman* (1978), 55 Ohio St.2d 261, 9 O.O.3d 401, 381 N.E.2d 184. Therefore, the court erred in denying Singh's motion for judgment of acquittal. The first and second assignments of error are sustained.

Singh's third, eighth, and ninth assignments of error, in which he challenges the manifest weight of the evidence adduced to support his conviction and the impartiality and demeanor of the trial court and prosecutor, are rendered moot by our resolution of the first assignment of error and by our ultimate disposition of this case. App.R. 12(A)(1)(c).

Therefore, the judgment of the trial court is reversed, and the defendant-appellant Harjinder Singh is discharged.

*Judgment reversed.*

DOAN, P.J., concurs.

PAINTER, J., concurs separately.

PAINTER, Judge, concurring separately.

I concur wholeheartedly with this opinion. I write separately to confess that I am amazed that a case like this would ever be prosecuted once, much less twice, at tremendous cost to the state, the defendant, and the legal system.

Free expression of religion has been a cornerstone of the inalienable rights of Americans even as the religiously persecuted separatist Puritan Pilgrims reached Plymouth Rock in 1620, as states such as Rhode Island were established solely as a haven for those persecuted for their religious beliefs, as religious freedom was established in Section 14, Article I of the Northwest Ordinance of 1787, all well before the Free Exercise Clause was formally set out in the First Amendment to the United States Constitution and Section 7, Article I of the Ohio Constitution.

The Sikh religion has been part of world history since the fourteenth century. An integral part of that religion is the symbolism embodied in the five k's worn by its members. To be a Sikh is to wear a kirpan—it is that simple. It is a religious symbol, and in no way a weapon. As long as the kirpan remains a symbol and is neither designed nor adapted for use as a weapon, laws such as R.C. 2923.12 are wholly inapplicable.

I cannot understand the purpose for this prosecution, which, if successful, would have had the effect of banishing the members of one religious sect from the state of Ohio for its mandatory wear. And to what end? That a veterinarian would be punished for having a dulled blade of two and one-half inches sewn inside his clothing as required by his religion.