Please note: we have sua sponte removed this case from the accelerated docket.
On July 12, 1998, at approximately 2:15 a.m., defendant-appellant Michael Lear was driving his parents' car erratically in the Winton Terrace/Northside area of Cincinnati. A police officer stopped Lear and, after Lear failed to produce a license, removed him from the car. The officer then discovered a kitchen knife "stuffed" down the right side of the back of the driver's seat. Among other charges, Lear was arrested for carrying a concealed weapon, the subject of this appeal.
At a bench trial, Lear testified that he did not own the knife, that he had no intention of cutting anyone with it, and that he did not even know that it was in the car. He explained that his parents had moved furniture by tying it to the roof of the car and that the knife had been used to cut the rope. Also, he said that the knife had been used for "popping" the hood of the trunk.
Lear made a Crim. R. 29 motion where he argued that the evidence was insufficient to convict him of carrying a concealed weapon. The court rejected the motion and found Lear guilty of the charge. The court later overruled a motion for reconsideration. It held that the "inference" was that the knife was possessed and carried as a weapon.
Lear now appeals. He asserts in his sole assignment of error that his conviction was contrary to law. We assume that "contrary to law" is a challenge based on sufficiency of the evidence. To reverse a conviction for insufficient evidence, an appellate court, reviewing the evidence in the light most favorable to the prosecution, must conclude that no reasonable trier of fact could have found the defendant guilty.[1] Applying this standard, we agree with Lear and hold that he should not have been found guilty. (Lear also argues that his conviction was against the manifest weight of the evidence. Because we decide this appeal based on sufficiency of the evidence, we do not need to address the manifest-weight issue.) We note that Lear advances several arguments to attack his conviction. We only address the one that we conclude is dispositive, namely that the knife in question was not a "deadly weapon" under R.C. 2923.12(A), the concealed-weapon statute.
R.C. 2923.12(A) provides that "[n]o person shall knowingly carry or have, concealed on his or her person or concealed ready at hand, any deadly weapon * * *." A deadly weapon is "any instrument * * * capable of inflicting death, and designed orspecially adapted for use as a weapon, or possessed, carried, orused as a weapon."[2] In other words, a deadly weapon under the statute is more than just an instrument capable of inflicting death. It also must be either (1) designed or specially adapted for use as a weapon, or (2) possessed, carried, or used as a weapon.[3] Under this definition, "a knife is not presumed to be a deadly weapon, even if it is concealed."[4]
Here, it is clear that the knife was capable of inflicting death.[5] But all knives are not weapons under the statutory definition — most are not. The state offered no evidence that the knife was designed or specially adapted for use as a weapon. The issue thus becomes whether Lear possessed, carried, or used the knife as a weapon.
The state points out that the knife was unsheathed, ready at hand, and within Lear's reach. But these facts fail to establish Lear's guilt beyond a reasonable doubt. Lear did not brandish the knife or threaten to use it in any manner. In fact, Lear testified that he was not even aware that it was in the car until the police officer discovered it. Lear also gave a reasonable explanation for its presence: it had been used to move furniture and to open the trunk. Considering that the state offered no additional evidence to prove that Lear possessed, carried, or used the knife as a weapon, we hold that there was insufficient evidence to find him guilty of violating R.C. 2923.12(A). Thus, his sole assignment is sustained, the judgment of the trial court is reversed, and he is discharged.
The Court, believing that there were reasonable grounds for this appeal, allows no penalty. Costs shall be taxed in compliance with App.R. 24. A copy of this Memorandum Decision and Judgment Entry shall constitute the mandate, which shall be sent to the trial court for execution pursuant to App.R. 27.
Judgment reversed and appellant discharged.
 Doan, P.J., Painter and Winkler, JJ.
[1] State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus; State v. Bridgeman (1978), 55 Ohio St.2d 261,381 N.E.2d 184, paragraph two of the syllabus.
[2] R.C. 2923.11(A) (emphasis added).
[3] See State v. Cathel (Apr. 29, 1998), Summit App. No. 18629, unreported; State v. Singh (1996), 117 Ohio App.3d 381, 386-387,690 N.E.2d 917, 920; State v. Anderson (1981), 2 Ohio App.3d 71,72, 440 N.E.2d 814, 815; State v. Sears (Feb. 27, 1980), Hamilton App. No. C-790156, 18 O.O.3d 126.
[4] Columbus v. Dawson (1986), 28 Ohio App.3d 45, 46,501 N.E.2d 677, 678.
[5] See Sears, supra, at 126.