DECISION AND JOURNAL ENTRY.
{¶ 1} Defendant, Sandra Orantes Cruz, appeals from the judgment of the Medina County Court of Common Pleas, which convicted her of felonious assault and kidnapping. We affirm.
 {¶ 2} On September 26, 2002, the Medina County Grand Jury indicted Defendant on one count of felonious assault, in violation of R.C.2903.11(A)(2), and one count of kidnapping in violation of R.C.2905.01(B)(2). A jury trial followed. After the State's case-in-chief, Defendant moved for acquittal pursuant to Crim.R. 29. The trial court denied the motion. Defendant did not present any defense evidence, and was found guilty on both counts by a jury on January 31, 2003. At the sentencing hearing, on March 7, 2003, Defendant was sentenced to two years for felonious assault and three years for kidnapping. The trial court ordered the sentences to run concurrently.
 {¶ 3} Defendant timely appeals, raising four assignments of error. We will address each in turn, addressing assignments two and three together.
 ASSIGNMENT OF ERROR I
"The evidence at trial was insufficient to support [Defendant's] felonious assault and kidnapping convictions, and those convictions were against the manifest weight of the evidence."
 {¶ 4} In her first assignment of error, Defendant challenges the adequacy of the evidence presented at trial. Specifically, Defendant asserts that the State failed to present sufficient evidence to support the trial court's denial of her Crim.R. 29 motion for acquittal and that her convictions for felonious assault and kidnapping were against the manifest weight of the evidence presented at trial. An evaluation of the weight of the evidence is dispositive of the issues raised in this assignment of error. Defendant's first assignment of error lacks merit.
 {¶ 5} Sufficiency of the evidence produced by the State and weight of the evidence adduced at trial are legally distinct issues. State v.Thompkins (1997), 78 Ohio St.3d 380, 386. As to sufficiency, Crim.R. 29(A) states that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." However, if the record demonstrates that reasonable minds may reach differing conclusions as to the proof of material elements of a crime, a trial court may not grant a Crim.R. 29(A) motion for acquittal. State v. Smith, 9th Dist. No. 20885,2002-Ohio-3034, at ¶ 7, citing State v. Wolfe (1988),51 Ohio App.3d 215, 216. "`In essence, sufficiency is a test of adequacy.'" Smith at ¶ 7, quoting Thompkins, 78 Ohio St.3d at 386.
 {¶ 6} "While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion." State v. Gulley (Mar. 15, 2000), 9th Dist. No. 19600, at 3, citing Thompkins, 78 Ohio St.3d at 390 (Cook, J., concurring). When a defendant maintains that her conviction is against the manifest weight of the evidence, "an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986), 33 Ohio App.3d 339, 340. This power is to be invoked only in extraordinary circumstances where the evidence presented at trial weighs heavily in favor of a defendant. Id. A finding that a conviction is supported by the weight of the evidence, also includes a finding of sufficiency of the evidence. Smith at ¶ 9, quoting State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462, at 4.
 {¶ 7} Defendant was found guilty of, and appeals her convictions for, felonious assault, in violation of R.C. 2903.11(A)(2) and kidnapping, in violation of R.C. 2905.01(B)(2). The felonious assault statute provides that "No person shall knowingly * * * [c]ause or attempt to cause physical harm to another * * * by means of a deadly weapon or dangerous ordnance." R.C. 2903.11(A)(2). Regardless of one's purpose, a person acts knowingly when "he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. 2901.22(B).
 {¶ 8} "`[A] knife is not presumed to be a deadly weapon.'" Statev. Cathel (1998), 127 Ohio App.3d 408, 411-412, quoting Columbus v.Dawson (1986), 28 Ohio App.3d 45, 46. The state must show "either that the knife was designed or specifically adapted for use as a weapon or, in the alternative, that the defendant possessed, carried, or used the knife as a weapon." Columbus, 28 Ohio App.3d at 46.
 {¶ 9} Defendant specifically argues that the state failed to present evidence that proved beyond a reasonable doubt that she (1) knowingly (2) caused or attempted to cause physical harm (3) with a dangerous weapon to David Karl ("Karl").
 {¶ 10} R.C. 2905.01(B)(2), the kidnapping statute, indicates that "No person, by force, threat, or deception * * * shall knowingly * * *, under circumstances that create a substantial risk of serious physical harm to the victim[,] * * * [r]estrain another of his liberty." Defendant argues that her conviction as to kidnapping must be reversed because there was no evidence presented that proves, beyond a reasonable doubt, that Defendant (1) knowingly (2) restrained Karl of his liberty (3) by force, stealth or deception (4) under circumstances creating a substantial risk of serious physical harm. A brief review of the trial testimony and evidence in this case illustrates that Defendant's contentions as to both convictions lack merit.
 {¶ 11} At trial Karl testified that, though he could not remember whether Defendant, a friend of Karl's, left a nearby bar with him or not, he awoke in his apartment with Defendant pointing a kitchen knife at his chest. Defendant made threatening gestures with the knife, waving it at Karl and telling him that "[she'd] slice [him] if [he] move[d]." Defendant then poked him in the chest multiple times drawing blood and leaving a scar on the left side of his chest near his heart. Karl stated that Defendant first forced him by threats to take off his shorts, leaving him naked, and then threatened to cut off Karl's genitals. Karl then tried to get the knife from Defendant, but Defendant moved the knife so that she sliced Karl's hand, cutting three fingers.
 {¶ 12} After repeated requests by Karl, Defendant escorted him by knife point to go to the bathroom to bandage his bleeding fingers. Karl slowed the bleeding with a towel, and then wrapped himself with the towel. Defendant then allowed Karl to return to the bedroom, where Karl tried to get a band-aid out of a box in his closet. Apparently, Defendant became somewhat distracted at that point, and Karl managed to distance himself from Defendant, running out of his apartment with his temporary towel covering. After knocking on a couple doors, Karl was admitted by a neighbor who lent him some shorts and took him to the police department. Karl was then taken to Medina General Hospital for treatment.
 {¶ 13} The Officers from the Medina City Police Department who viewed and photographed the scene testified next. Photographs taken by the Officers revealed blood on the bed, on the floor in the bathroom, in a trail from the bedroom to the bathroom, on neighbors' doors, and in a trail from Karl's apartment to the neighbors' apartments. Officers also found the bloody knife on the bed stand. The photographs and knife were admitted as exhibits at the trial.
 {¶ 14} Finally, Dr. Brown testified that he had stitched Karl's left index finger the morning of the alleged attack. He also examined the knife Defendant had used and testified within a reasonable degree of medical certainty that the knife was capable of inflicting death.
 {¶ 15} Defendant exercised her right not to testify at trial, but one of the Officers testified as to her statement regarding the events. Defendant asserted that she walked home with Karl from a nearby bar where Karl had been drinking. She stated that Defendant and Karl had become intimate after arriving at Karl's apartment. When she awoke later, she alleged that she went into the kitchen to prepare some food, removing the knife. Then Karl followed Defendant into the kitchen, made a comment about Defendant's boyfriend that upset her, and tried to grab the knife from Defendant's grasp. Defendant asserted that the injury to Karl's hand was purely accidental, and that Karl left his apartment in only his underwear and a towel because he was upset about his injury.
 {¶ 16} The Officers called to the scene did not note any food preparation materials in the kitchen nor did they find any blood in the kitchen.
 {¶ 17} After reviewing the record, we do not find that the "`trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'"Smith at ¶ 8, quoting Otten, 33 Ohio App.3d at 340. In this case, the jury could have weighed the given testimony and concluded that Defendant not only intended to threaten Karl with the knife, but that Defendant poked and sliced Karl with the knife knowing it was likely to cause his injuries. The jury may also have believed Karl's testimony and the surrounding evidence showing that Defendant restrained his liberty by threat of force under circumstances that created a substantial risk of serious harm. Defendant had cut him at least once with the knife. She threatened to cut off his genitals, and had the apparent ability to carry out that threat. Upon careful review of the record and testimony presented at trial, we hold that the jury did not convict Defendant of felonious assault and kidnapping contrary to the manifest weight of the evidence. Subsequently, we find that the State produced sufficient evidence to support these convictions. Accordingly, Defendant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
"The trial court erred by failing to give [Defendant's] requested jury instructions on the lesser included offenses of assault and negligent assault."
 ASSIGNMENT OF ERROR III
"The trial court erred by failing to give [Defendant's] requested jury instruction on the lesser included offense of unlawful restraint."
 {¶ 18} In her second and third assignments of error, Defendant argues that the trial court erred by failing to give lesser included offense instructions for assault, negligent assault, and unlawful restraint. Defendant filed all three of these proposed jury instructions with the trial court, which refused to give them over her objection.
 {¶ 19} The Supreme Court of Ohio requires that jurors be charged on three groups of lesser offenses when supported by evidence at trial.State v. Deem (1988), 40 Ohio St.3d 205, paragraph one of the syllabus. Included in these three groups are lesser included offenses. Id. An offense may be a lesser included offense if:
"[(1)]the offense carries a lesser penalty than the other; [(2)] the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and [(3)] some element of the greater offense is not required to prove the commission of the lesser offense." Id. at paragraph three of the syllabus.
¶ 20} In order to determine whether a lesser included offense instruction should be given, the court must first determine what constitutes a lesser included offense, and then must review the evidence to decide whether a jury could reasonably find the defendant guilty of the lesser offense while acquitting the defendant on the greater offense. State v. Kidder (1987), 32 Ohio St.3d 279, 280. While one offense may be a lesser included offense of the offense charged, the court must give an instruction for the lesser included offense only where the evidence presented at trial would reasonably support both a conviction upon the lesser included offense and an acquittal on the crime charged. State v. Thomas (1988), 40 Ohio St.3d 213, paragraph two of the syllabus.
 {¶ 21} The felonious assault statute states that "No person shall knowingly * * * cause or attempt to cause physical harm to another * * * by means of a deadly weapon or dangerous ordnance." R.C. 2903.11(A)(2). R.C. 2903.13(A) defines assault ("No person shall knowingly cause or attempt to cause physical harm to another") and R.C. 2903.14 defines negligent assault ("No person shall negligently, by means of a deadly weapon or dangerous ordnance * * * cause physical harm to another"). It is apparent from the statutes that assault and negligent assault are lesser included offenses of felonious assault. State v. Gunther (1998),125 Ohio App.3d 226, 239-240; State v. McCornell (1993),91 Ohio App.3d 141, 147.
 {¶ 22} Regardless of whether they are lesser included offenses or not, Defendant was entitled to these instructions only if the evidence warranted it. See Kidder, 32 Ohio St.3d at 280. "[A] charge on such a lesser included offense is required only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser included offense." State v. Smith (1990),68 Ohio App.3d 692, 697, citing Thomas, 40 Ohio St.3d at paragraph two of the syllabus.
 {¶ 23} In the case at bar, the jury could either accept Karl's testimony that Defendant threatened him and struck him with a kitchen knife, an object his testimony establishes as a weapon, or the jury could accept Defendant's statement that Karl's injuries stemmed from an accident. If Karl's injuries were indeed accidentally caused when Karl reached for the sharp knife in the hands of Defendant while she prepared some food, Defendant would have no culpability in the matter and could not be convicted of either assault or negligent assault. Therefore, instructions for these lesser included offenses are not warranted in this case.
 {¶ 24} As to Defendant's third assignment of error, the kidnapping statute states that "No person, by force, threat or deception * * * shall knowingly * * *, under circumstances that create a substantial risk of serious physical harm to the victim, * * * [r]estrain another of his liberty." R.C. 2905.01(B)(2). The unlawful restraint statute provides that "No person, without privilege to do so, shall knowingly restrain another of his liberty." R.C. 2905.03(A). Unlawful restraint is a lesser included offense of kidnapping. State v. Ricchetti (1991),74 Ohio App.3d 728, 731.
 {¶ 25} As stated before, the trial court is not obligated to give a lesser included offense instruction unless the evidence warrants it.Kidder, 32 Ohio St.3d at 280. In this case, the jury could choose to believe Karl's testimony that Defendant held him at knife point, preventing him from leaving his own apartment, or they could choose to believe Defendant's statement that she never threatened in any way to prevent Karl's movement. If the jury found Defendant's explanation more credible, then Defendant would not have been culpable even for unlawful restraint. The court was not required to give the instruction for the lesser included offense of unlawful restraint. See id.
 {¶ 26} Defendant has failed to show that the evidence at trial warranted the lesser included offense instructions for assault, negligent assault, and unlawful restraint. Defendant's second and third assignments of error are hereby overruled.
 ASSIGNMENT OF ERROR IV
"The trial court erred by failing to merge the felonious assault and kidnapping counts for purposes of conviction and sentencing, where they constituted allied offenses of similar import committed by the same conduct and with the same animus."
 {¶ 27} In her fourth assignment of error, Defendant argues that the trial court should have merged the kidnapping and felonious assault charges for purposes of both conviction and sentencing as allied offenses of similar import. We disagree with Defendant's contentions.
 {¶ 28} Under R.C. 2941.25:
"(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
"(B) Where the defendant's conduct constitutes two or more offense of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."
 {¶ 29} The applicable test to determine whether two offenses are of similar import is whether the elements of the crimes "correspond to such a degree that the commission of one crime will result in the commission of the other[.]" State v. Blakenship (1988), 38 Ohio St.3d 116,117. The Ohio Supreme Court has further instructed that a court must compare the statutory elements of each offense in the abstract to determine if the offenses are of similar import. State v. Rance (1999),85 Ohio St.3d 632, 637. While some debate exists as to whether State v.Fears (1999), 86 Ohio St.3d 329, implicitly overruled Rance, the Ohio Supreme Court has continued to follow the Rance abstract statutory framework. See State v. Childs (2000), 88 Ohio St.3d 558, 561.
 {¶ 30} Defendant in this case was convicted of both felonious assault and kidnapping, both defined above. At one time, the Ohio Supreme Court stated that "[c]omparing the elements of [felonious assault and kidnapping], we do not find that the elements correspond to such a degree that the commission of kidnapping necessarily results in the commission of felonious assault." Blakenship, 38 Ohio St.3d at 118. WhileBlakenship was decided prior to the Rance decision, its logic still holds. At least five district courts have agreed, subsequent to theRance decision, that felonious assault and kidnapping are not offenses of similar import. See State v. Brown, 2nd Dist. No. 19113, 2002-Ohio-6370, at ¶ 64; State v. Hay, 3rd Dist. No. 14-2000-24, 2000-Ohio-1938;State v. Driver (Oct. 23, 2000), 5th Dist. No. 1999CA00290; State v.Garcia, 8th Dist. No. 79281, 2002-Ohio-504; State v. Martin (July 31, 2001), 10th Dist. No. 99AP-150. This Court finds that felonious assault and kidnapping are not allied offenses of similar import.
 {¶ 31} Even if the offenses were of similar import, a defendant may be convicted of both offenses where there is a separate animus, especially when the restraint is prolonged or confinement of the victim is secretive. State v. Logan (1979), 60 Ohio St.2d 126, paragraph one of the syllabus. In the case at bar, Defendant completed the offense of felonious assault by slicing Karl's hand with the knife. But even after the felonious assault was complete, Defendant continued to restrain Karl by threatening him with the knife, committing kidnapping. Given these circumstances, the offenses were committed with a separate animus. Defendant's fourth assignment of error lacks merit and is overruled.
 {¶ 32} Defendant's assignments of error are overruled. The judgment of the Medina County Court of Common Please is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the, County of, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
BAIRD and BATCHELDER, JJ., concur.