[Cite as *State v. Smith*, 2014-Ohio-828.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 99978

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# DENETRIS SMITH

DEFENDANT-APPELLANT

# JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-564826

**BEFORE:**   E.T. Gallagher, J., Jones, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:**   March 6, 2014

**ATTORNEY FOR APPELLANT**

Joseph F. Salzgeber
Foth & Foth Co., L.P.A.
11221 Pearl Road
Strongsville, Ohio 44136


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Jennifer O'Malley
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, J.:

{¶1} Defendant-appellant, Denetris Smith ("Denetris"),[1] appeals her misdemeanor assault and felonious assault convictions. We find no merit to the appeal and affirm.

{¶2} Denetris was charged with one count of felonious assault in violation of R.C. 2903.11(A)(1) and one count of felonious assault in violation of R.C. 2903.11(A)(2). The victim, Leah Simmons Motley ("Leah"), testified at a bench trial that the assault occurred at her mother-in-law's house during a family party. Leah accused Denetris of telling lies about her, and Denetris denied the accusations. During the argument, Denetris jabbed her finger between Leah's eyes, which provoked Leah to engage Denetris in a fist fight outside. Family members prevented her from following Denetris out the front door so Leah exited the house from the side door, came around to the front yard, and called Denetris to fight her. According to Leah, Denetris accepted the invitation to fight and stabbed her with a grilling fork. Leah did not see the grill fork until Denetris was one foot away from her.

{¶3} Denetris, who testified in her own defense, offered a different story. She agreed that she and Leah had a brief argument in the living room of the house but did not want to fight in the presence of her grandchildren who were at the party. According to Denetris, she was playing with her grandchildren in front of the house when she was suddenly "smacked with a piece of brick" on the right side of her face. Denetris's vision

---

[1] Denetris was originally indicted as Denetreous. However, on the state's motion on the record in open court, the court amended the indictment to reflect the correct spelling of Denetris's first name as Denetris.

became blurry, and her two grandchildren, who were standing next to her, screamed and tried to grab her. A family member took the children onto the porch away from the fighting. According to Denetris, Leah approached her again as she was trying to escape and struck Denetris in the forehead with the brick. Denetris grabbed Leah, and they fell to the ground where the scuffle continued. Denetris testified that she picked up the grill fork in self defense because Leah was reaching for it screaming, "Bitch, I'm going to kill you." With the fork in hand, Denetris warned Leah to "get back." According to Denetris, Leah refused to back off, ran toward Denetris, and was stabbed by the fork.

{¶4} Denetris's fiancé Derrick Motley, a.k.a. "Big Derrick,"[2] was the only other witness at trial who was present at the scene of the fight. He testified that as soon as he and Denetris arrived at his mother's house, Leah was angry and spoke profanity to Denetris. Big Derrick and Denetris exchanged a few words with Leah before walking out the front door of the house. While Big Derrick was socializing, he heard somebody say, "You hit me," and observed Denetris holding her face and Leah standing nearby. According to Big Derrick, Leah tried to hit Denetris again, and Denetris hit her back. He observed Leah reaching for the grilling fork during the scuffle but Denetris managed to pick it up first. Although Big Derrick heard Denetris instruct Leah to "get back," he admitted he did not actually see Denetris stab Leah.

---

[2] Big Derrick has a little brother who is also named Derrick and goes by the nickname "Little Derrick."

{¶5} After the fight, EMS transported Leah to Huron Hospital where she was treated for a stab wound. Officer Daniel Lombardo ("Lombardo"), who interviewed Leah at the hospital shortly after the incident, testified that he observed "two little puncture wounds" on Leah's chest. There was no bleeding, and the wounds were not bandaged. Lombardo also testified that Leah did not appear to be in extreme pain, despite her testimony that she rated her pain a ten on a scale of one to ten.

{¶6} Based on this evidence, the trial court returned a not guilty verdict on Count 1, felonious assault in violation of R.C. 2903.11(A)(1), which requires proof of serious physical harm. Instead, the court modified Count 1 and found Denetris guilty of the lesser offense of assault. The court found Denetris guilty of felonious assault in violation of R.C. 2903.11(A)(2) in Count 2, which requires proof that she "[c]ause[d] or attempt[ed] to cause physical harm to another * * * by means of a deadly weapon or dangerous ordnance." The court sentenced Denetris to one year of community control sanctions. Denetris now appeals and raises two assignments of error.

**Sufficiency of the Evidence**

{¶7} In the first assignment of error, Denetris argues the evidence adduced at trial is insufficient to sustain her felonious assault conviction. She contends the state failed to prove that the grilling fork was a "deadly weapon" or "dangerous ordnance."

{¶8} Crim.R. 29(A) provides for a judgment of acquittal "if the evidence is insufficient to sustain a conviction of such offense or offenses." The test for sufficiency

requires a determination of whether the prosecution met its burden of production at trial. *State v. Bowden*, 8th Dist. Cuyahoga No. 92266, 2009-Ohio-3598, ¶ 12. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 942 (1991), paragraph two of the syllabus.

**{¶9}** Denetris was convicted of felonious assault in violation of R.C. 2903.11(A)(2), which states: "No person shall knowingly * * * cause or attempt to cause physical harm to another * * * by means of deadly weapon or dangerous ordnance." R.C. 2923.11(A) defines "deadly weapon" as "any instrument, device or thing that is capable of inflicting death." This court has held that the fact that a knife is capable of inflicting death does not necessarily mean it is a deadly weapon. *State v. Jordan*, 8th Dist. Cuyahoga Nos. 79469 and 79470, 2002 Ohio App. LEXIS 569 (Feb. 14, 2002) *11, citing *State v. Cathel*, 127 Ohio App.3d 408, 411, 713 N.E.2d 52 (9th Dist.1998); *see also State v. Brown*, 8th Dist. Cuyahoga No. 78515, 2001 Ohio App. LEXIS 2890 (June 28, 2001). To constitute a "deadly weapon," the prosecution must show that either (1) the knife was designed or specially adapted for use as a weapon, or (2) it was possessed, carried or used as a weapon. *Id. See also Columbus v. Dawson*, 28 Ohio App.3d 45, 46, 501 N.E.2d 677 (10th Dist.1986).

**{¶10}** Denetris asserts that like a knife, the fork was adapted for use as a grilling utensil rather than a weapon and that she did not use or carry it as a weapon. She further

argues that she picked up the grilling fork to keep it away from Leah, who would not stop trying to attack her, and that she did not intend to use the fork as a weapon.

{¶11} However, Leah testified that she first saw the fork in Denetris's hands and that Denetris was using it as a deadly weapon. Even Denetris's testimony that she used the fork to keep Leah away from her is evidence of an intent to use the fork as a weapon, i.e., to protect herself. She was not merely removing the fork from the scene. Therefore, there was sufficient evidence to sustain Denetris's felonious assault conviction.

### Self-Defense & Manifest Weight of the Evidence

{¶12} In the second assignment of error, Denetris argues both her misdemeanor assault and felonious assault convictions are against the manifest weight of the evidence. She contends the weight of the evidence proves she was acting in self defense.

{¶13} In contrast to a sufficiency argument, a manifest weight challenge questions whether the state met its burden of persuasion. *Bowden*, 8th Dist. Cuyahoga No. 92266, 2009-Ohio-3598, ¶ 12; *State v. Thompkins*, 78 Ohio St.3d 380, 386-387, 678 N.E.2d 541 (1997). When reviewing a claim that the judgment was against the manifest weight of the evidence, we review the entire record, weigh both the evidence and all the reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the factfinder clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *Id.* at 387. Therefore, an appellate court will reverse a conviction due to the manifest weight

of the evidence only in extraordinary circumstances to correct a manifest miscarriage of justice, and only when the evidence presented at trial weighs heavily in favor of acquittal. *Id.*

{¶14} As previously stated, to establish felonious assault in violation of R.C. 2903.11(A)(2), the state had to prove that Denetris "[c]ause[d] or attempt[ed] to cause physical harm to another * * * by means of a deadly weapon or dangerous ordnance." To prove assault in violation of R.C. 2903.13(A), the state had to prove that Denetris "knowingly cause[d] or attempt[ed] to cause physical harm to another."

{¶15} To establish self-defense, the defendant must demonstrate, by a preponderance of the evidence, that (1) she was not at fault in creating the situation giving rise to the affray; (2) she had a bona fide belief that she was in imminent danger of great bodily harm and that her only means of escape from such danger was in the use of such force; and (3) she must not have violated any duty to retreat or avoid danger. *State v. Williford*, 49 Ohio St.3d 247, 249, 551 N.E.2d 1279 (1990); *see also State v. Robbins*, 58 Ohio St.2d 74, 388 N.E.2d 755 (1979), paragraph two of the syllabus. The elements of self defense are cumulative and "'[i]f the defendant fails to prove any one of these elements by a preponderance of the evidence, [s]he has failed to demonstrate that [s]he acted in self-defense."' (Emphasis deleted.) *Williford*, quoting *State v. Jackson*, 22 Ohio St.3d 281, 284, 490 N.E.2d 893 (1986).

{¶16} Although Denetris testified that Leah attacked her with a brick and that she used the fork to defend herself, the court found Leah's testimony more credible.

According to Leah, Denetris entered the fight with the fork in hand. Leah testified she did not see the fork until Denetris was one foot away from her because Denetris was hiding the fork behind her long skirt as she approached Leah. Leah further testified that as soon as she was stabbed, family members intervened to break up the fight.

{¶17} Denetris portrayed herself as the victim of a brutal attack with a brick. However, Denetris never reported the attack to the police, did not seek medical attention, and failed to offer any photographs of the alleged injuries to her head. During the investigation, Denetris gave police inconsistent reports of the events. She first told detectives that Leah fell on the fork during the fight and that she stabbed herself. She later changed her story and told detectives that she grabbed the fork and stabbed Leah because Leah was about to punch her. Moreover, Denetris testified that Leah ran up to her to attack her even though she was holding the fork and warning Leah to "get back." According to Denetris, Leah ran into the fork.

{¶18} Denetris also testified that no one intervened to stop the fight even though Leah struck her twice in the head with a brick. However, Big Derrick corroborated Leah's testimony that people intervened to break up the fight as soon as she was stabbed. If the family would break up a fight when a person is stabbed, it is logical to conclude they would do the same if someone had been struck twice in the head with a brick.

{¶19} Based on the evidence presented at trial, it is reasonable that the court found Leah's testimony more credible. Leah's testimony establishes that Denetris violated a duty to avoid the fight and was equally responsible for "creating the situation giving rise

to the affray." *Williford*, 49 Ohio St.3d at 249, 551 N.E.2d 1279. We therefore cannot say that this is an exceptional case in which the evidence weighs heavily against conviction.

{¶20} Accordingly, the second assignment of error is overruled.

{¶21} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the common pleas court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

LARRY A. JONES, SR., P.J., and
TIM McCORMACK, J., CONCUR