[Cite as *State v. Smiler*, 2014-Ohio-1628.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100255**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ANDRE SMILER

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-573260

**BEFORE:** S. Gallagher, P.J., E.A. Gallagher, J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** April 17, 2014

**ATTORNEY FOR APPELLANT**

Kimberly K. Yoder
Kimberly K. Yoder Co., L.P.A.
20325 Center Ridge Road
Suite 133
Rocky River, Ohio   44116


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Alison Foy
Assistant Prosecuting Attorney
Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio    44113

SEAN C. GALLAGHER, P.J.:

{¶1} Appellant Andre Smiler appeals his conviction for aggravated robbery and petty theft. For the reasons stated herein, we affirm.

{¶2} On April 17, 2013, appellant was charged under a two-count indictment. Count 1 charged appellant with aggravated robbery, in violation of R.C. 2911.01(A)(1), with a notice of prior conviction and a repeat violent offender specification. Count 2 charged appellant with petty theft. Appellant entered a plea of not guilty to the charges and executed a jury waiver.

{¶3} The case proceeded to a bench trial. The trial court granted appellant's Crim.R. 29 motion on the notice of prior conviction and the repeat violent offender specification under Count 1.

{¶4} At trial, testimony and evidence were presented showing that on April 6 and 7, 2013, appellant was at the Home Depot located in the Steelyard Commons shopping area in Cleveland, Ohio. Jon Cook, a loss prevention officer at Home Depot, testified that on April 6, 2013, he reviewed the closed circuit video from the store's surveillance cameras after being alerted to a possible theft. Cook observed a male placing faucets in a shopping cart, and the same individual exiting the store without stopping to purchase the items in his cart, which also included two five-gallon buckets of paint. The value of the items taken on April 6, 2013, was $429.96. Cook testified to the surveillance videos that were shown in court.

**{¶5}** On April 7, 2013, Cook observed the same male at the store. The individual was observed placing two five-gallon buckets of paint and several boxes of trash bags into his shopping cart and passing all points of purchase without paying for the items. Cook testified that he ran up behind the suspect as he was exiting the front doors, announced "store security," and attempted to get the suspect back inside the store. A struggle ensued, and the suspect stated "let go of me or I'll cut you." Cook observed the suspect opening up a silver knife, and he let the suspect go. The suspect ran across the parking lot, entered a car, and drove off. The incident was captured on surveillance video, which was shown in court. However, the video did not capture the entire incident and did not depict the knife. Cook identified the knife at trial.

**{¶6}** Cook sent out notice to other Home Depot stores in the area to be on the lookout for the suspect. Cook was able to provide a description of the suspect and identified him as appellant in court. The suspect was found later that day at the Home Depot in Brooklyn, Ohio. Cook responded to the Brooklyn Home Depot and observed the same individual he had encountered at the Steelyard Commons Home Depot.

**{¶7}** Officer Dan Meadows of the Brooklyn Police Department was dispatched to the Brooklyn Home Depot. He observed the suspect in a vehicle and asked him to exit. He identified the suspect as the appellant in the courtroom. He testified that after advising appellant of his *Miranda* rights, he asked appellant if he had been at the Home Depot in Steelyard Commons. Appellant responded that he had been there. When the officer inquired where the knife was, appellant responded that he "didn't try to stab

anybody" and he "just showed it to him to get away."  When asked where the knife was, appellant stated it was in his pocket.  Officer Meadows placed appellant in handcuffs and retrieved a small folding knife from appellant's right-front pants pocket.  Officer Meadows identified the knife at trial.

{¶8} On cross-examination, Officer Meadows testified that he did not have a waiver of *Miranda* rights form with him at the time appellant was apprehended.  He also testified that he wrote in his report that appellant admitted he brandished a knife and that he did not write down verbatim what appellant stated at the time he was apprehended.

{¶9} Officer Amy Carraway of the Cleveland Police Department also responded and took custody of appellant and transported him to the central processing unit. Detective David Santiago testified in regard to the follow-up investigation.

{¶10} The trial court found appellant guilty of both the aggravated robbery charge and the petty theft charge.  The court sentenced appellant to three years on Count 1 and six months on Count 2, to run concurrently to each other.  Appellant timely filed this appeal.

{¶11} Appellant raises two assignments of error for our review.  His first assignment of error claims the trial court erred in failing to strike the direct-examination testimony of Cook for a discovery violation under Crim.R. 16.

{¶12} The transcript reflects that as cross-examination of Cook began, defense counsel asked about the total amount for the theft from April 6, 2013.  After Cook provided the dollar amount, defense counsel asked what Cook was testifying from.  Cook

responded that he was using his incident reports to make sure he was as accurate as possible. Appellant argues that unbeknownst to defense counsel, Cook had copies of his incident reports in his hand during his direct examination. Defense counsel did not notice he had the reports in his hand until cross-examination, at which point defense counsel raised an objection. Defense counsel moved to strike Cook's entire direct examination because Cook's reports were not introduced into evidence, the reports were not disclosed during discovery, and they were not provided to defense counsel until the day of trial.

{¶13} A trial court has broad discretion in regulating discovery and in determining the appropriate sanction for a discovery violation. *State v. Wiles*, 59 Ohio St.3d 71, 78, 571 N.E.2d 97 (1991). When deciding whether to impose a sanction, the trial court must conduct an inquiry into the surrounding circumstances and must impose the least severe sanction consistent with the purpose of the rules of discovery. *Lakewood v. Papadelis*, 32 Ohio St.3d 1, 511 N.E.2d 1138 (1987), paragraph two of the syllabus.

{¶14} In this matter, the trial court heard arguments from both sides when the objection was raised. The reports were removed from the witness. The trial court declined to strike Cook's testimony.

{¶15} Although the state did not provide defense counsel with the incident reports until the day of trial, the prosecutor represented that she saw the reports for the first time that day and she turned them over to defense counsel. Defense counsel could have

requested a short continuance and did not otherwise raise the issue prior to the start of trial.

**{¶16}** Insofar as Cook's use of the reports was improper under the evidentiary rules, the error was harmless. A review of the record reflects that much of Cook's direct testimony entailed reviewing the video surveillance and detailing the incidents that were reflected on the videos, of which he had firsthand knowledge. Although Cook viewed the reports when testifying to the dollar amount of the goods taken, he provided further testimony as to value after the reports had been removed. As cross-examination continued, Cook testified, without the aid of the reports, that the dollar amount of the April 6th incident was less than $430 and the amount for the April 7th incident was about $376.84. Upon redirect, Cook again testified to the approximate dollar amount of the items appellant removed from the store, which he stated was around $429 on April 6, 2013, and around $400 on April 7, 2013.

**{¶17}** Additionally, defense counsel was able to use the reports when cross-examining the witness as to the details of the incidents and no prejudice was demonstrated. Upon our review, we find the trial court did not abuse its discretion in refusing to strike Cook's direct testimony.

**{¶18}** Under his second assignment of error, appellant claims his conviction for aggravated robbery is against the manifest weight of the evidence. When reviewing a claim challenging the manifest weight of the evidence, the court, reviewing the entire record, must weigh the evidence and all reasonable inferences, consider the credibility of

witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Thompkins*, 78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541. Reversing a conviction as being against the manifest weight of the evidence should be reserved for only the exceptional case in which the evidence weighs heavily against the conviction. *Id.*

{¶19} Appellant argues the state failed to prove all of the elements for aggravated robbery and that the facts proven at trial simply established that he committed a petty theft. Appellant was charged with aggravated robbery under R.C. 2911.01(A)(1), which provides that no person, in attempting to commit or committing a theft offense, or in fleeing immediately thereafter, shall "[h]ave a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it[.]" A "deadly weapon" means "any instrument, device, or thing capable of inflicting death, and designed or specially adapted for use as a weapon, or possessed, carried, or used as a weapon." R.C. 2923.11(A). Although a knife may be an instrument capable of inflicting death, to constitute a "deadly weapon," the state must prove the knife either (1) was designed or specifically adapted for use as a weapon or (2) was possessed, carried, or used by the defendant as a weapon. *State v. Smith*, 8th Dist. Cuyahoga No. 99978, 2014-Ohio-828, ¶ 9; *see also State v. Cathel*, 127 Ohio App.3d 408, 412, 713 N.E.2d 52 (9th Dist.1988).

{¶20} Appellant states that the video contained no audio of his alleged statements, there were no witnesses to corroborate Cook's testimony regarding appellant's statement "get off me or I'll cut you," and the video did not show appellant displayed any weapon. He further argues that Officer Meadows did not put any detail about his conversation with appellant into his report, there were no witnesses to corroborate the statements made to the officer, and Officer Meadows lacked personal knowledge of the Steelyard Home Depot incidents. Although appellant points to weaknesses in the case, we are unable to find they overcome the manifest weight of the evidence.

{¶21} Our review reflects that the testimony of Cook and Officer Meadows established that appellant had a knife on him at the time of the offense and that he brandished it and used it as a weapon to facilitate the offense. Cook testified that as he was attempting to apprehend appellant as he was exiting the Steelyard Commons Home Depot, appellant stated, "let go of me or I'll cut you," and Cook saw appellant opening up a silver knife, after which appellant fled the scene. Cook was able to provide a description of the knife and identified the knife at trial. When Officer Meadows apprehended appellant, he asked where the knife was, and appellant responded that he "didn't try to stab anybody" and he "just showed it to him to get away." Officer Meadows stated in the incident report that appellant admitted he had brandished the knife when the loss prevention officer at the Steelyard Commons Home Depot attempted to apprehend him. Officer Meadows found the knife in appellant's pocket.

**{¶22}** Appellant's conviction is not against the manifest weight of the evidence. We overrule his second assignment of error.

**{¶23}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

SEAN C. GALLAGHER, PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
EILEEN T. GALLAGHER, J., CONCUR